J. M. Tibbets and Nash & Lentz, for plaintiff in error.

Watson, Burr & Livesay, *contra.*

---

# SALE OF LOTS.                                  343

[Hamilton Circuit Court, January Term, 1890.]

Swing, Cox and Smith, JJ.

## JACKSON STEEL NAIL CO. v. CAROLINE MARKS—SAME v. DAVID SPETZ.

**1. Scheme to Sell Lots to Erect a Factory is a Lottery.**

Where a corporation undertook to raise money by agreeing to convey to the several persons who would subscribe for one or more of 400 lots at $200 each, to be paid for in the manner pointed out in said contract—the lot or lots so to be conveyed to the several subscribers to be determined by a drawing—this was a scheme of chance in contravention of the provisions of sec. 6930-31, Rev. Stat., and therefore void. And no action can be maintained to recover the price agreed to be paid for such lots.

**2. Contract Void for Uncertainty.**

The contract so sued on in this case is void also for uncertainty as to the subject-matter thereof. There was no sufficient, or any description of the lot to be conveyed, or of any of the 400 lots referred to, either in the contract itself, or by reference to any other paper, and for this reason could not be enforced by either party thereto.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

In these two cases, which present precisely the same questions, we are of the opinion, that the demurrers of the defendants below, to the amended petitions of the plaintiff, were properly sustained by the court of common pleas, on two grounds:

1. That the scheme set out in said petitions, and the contracts sued on by plaintiff, and by which it undertook to raise money, by agreeing to convey to the several persons, who would subscribe for one or more of 400 lots at $200 each, to be paid in the manner pointed out in said contract, the lot, or lots, to be conveyed to the defendants below, to be determined by a drawing, was a scheme of chance in contravention of the provisions of secs. 6930-31, Rev. Stat.; and, for this reason, such contract is void, and no action can be maintained by the company to recover the agreed price, or any part thereof.

2. In the written contract sued on, there is no description of any lot or lots, or anything to indicate (if they are lots of land) where they are situate, or by whom owned. The company simply agrees, "that, in consideration of the sale of 400 lots at $200 each," that it would erect at Jackson, Ohio, a nail-mill with a certain capacity, as soon as sales of said number of lots is made, and to convey to said second party, the lot by her subscribed, upon her complying with the conditions hereinafter expressed. Said Caroline Marks, in consideration whereof, hereby subscribes to one lot, and agrees to pay $200 therefor," as pointed out in the contract; and it adds, "the specified lot to which said Caroline Marks shall be entitled, shall be determined by a drawing," etc.

This is the only description (if such it may be called) of the 400 lots, or of any of them, and there is no allegation in the petition, which gives any other, or any averment therein which shows that the contract in question referred to any particular lot or lots.

The contract is void for uncertainty. It is requisite that the subject matter of a contract for the sale of land should be identified by it; either directly in the contract itself, or by a reference to some other paper, which, when taken in connection with the contract itself, does so.

As there is nothing contained in it, which bound the company to convey to the plaintiff in error any particular lot or lots, or which gave any description, even of the 400 lots mentioned in the contract, one of which was to be conveyed to plaintiff in error, when pointed out by the drawing, the company, in an action against it, to compel a specific performance of the contract by the conveyance of the lot thus designated, could not be required to do so, for the reason that there was no sufficient description of such lots, or of any of them, and this would render the contract on the part of the defendants below void for want of mutuality.

The judgments of the common pleas will be affirmed, with costs.

David Davis, for plaintiff in error.

V. Abraham, for defendant in error.